### BAT ZENO ET AL. v. LUCIE A. ADOUE.

Decided February 17, 1909.

**1.—Vendor's Lien—Assumption of Debt.**

One who purchased land in consideration of assuming the payment of a note given by the grantor and secured by vendor's lien on the property, could not plead limitation or homestead in defense of a suit to foreclose such lien, against the will of his vendor who insisted on waiving such defense.

**2.—Same—Costs.**

The holder of a title in trust for another is not exempt from personal liability for the costs of litigation over the property where in his own interest he unsuccessfully asserts a defense thereto in which the other refuses to join.

Appeal from the District Court of Robertson County. Tried below before Hon. J. C. Scott.

*W. W. Holland, Jr.,* for appellants.—In case of a pre-existing lien which had priority over the homestead exemption, when barred by the statute of limitations, a new promise made subsequent to the time when the premises became impressed with the homestead character is not merely a renewal of the obligation, but a new and distinct debt having no superiority over the homestead exemption. Grayson v. Taylor, 14 Texas, 672; Gillum v. Collier, 53 Texas, 592; Sudduth v. Du Bose, 93 S. W., 236; San Antonio Real Estate, etc., v. Stewart, 27 Texas Civ. App., 299; James v. Daniel, 43 S. W., 26; Starnes v. Beitel, 20 Texas Civ. App., 524; Proctor v. Hart, 72 Miss., 288; Brandon v. Moore, 50 Ark., 247, 7 Am. St. Rep., 26; Speer on Married Women in Texas, secs. 262, 259; 15 Am. & Eng. Ency. Law (2d ed.), 623, and cases cited.

Where the debt is barred by the statute of limitations the lien can not be enforced, and this appearing upon the face of the petition, a demurrer will lie. Hale v. Baker, 60 Texas, 217, 63 Texas, 189; Farmer's L. & T. Co. v. Beckley, 93 Texas, 267.

The fact that a person is acting as an attorney for another, and has a deed to the premises against which foreclosure is asked, will not authorize a judgment against him for costs, it being proven to the satisfaction of the court that his deed is an invalid mortgage, that he is interested only as an attorney, and is asserting no claim against the plaintiff except to plead limitation against the foreclosure of the notes upon the land, for the benefit of clients for whom he insists that he is trustee. Railway Co. v. Scott, 28 S. W., 457.

*Bailey, Woods & Morehead,* for .appellee.—Appellant has not now, nor did he ever have, any interest in the subject matter of this suit, and is not and can not be injured by any judgment rendered against Bat and Mandy Zeno. Hawley v. Whitaker, 38 S. W., 688.

Equity will subrogate one furnishing money to discharge a vendor's lien to the rights of the original holder, if such be the intention of the parties. Warmund v. Merritt, 60 Texas, 24; Eylar v. Eylar, 60 Texas, 315; Pridgen v. Warn, 79 Texas, 588; Kallman v. Ludenecker, 9 Texas Civ. App., 182; McCarty v. Brackenridge, 1 Texas Civ. App., 170; Speer, Law of Married Women, sec. 265.

A note is never barred by limitation unless limitation is pleaded, which was not done by the defendants Zenoes, who expressly waived the statute of limitation and declined to assert their rights. The assignee of a vendor's lien note, though it becomes barred by limitation, may, by obtaining from the original vendor of the land and payee of the note a transfer of the superior title, recover the land itself; and had defendants pleaded limitation, appellee could have changed her suit to one of trespass to try title, but appellant having no interest in the land and defendants having declined to plead limitation, it was not necessary for appellee to change the nature and character of her suit. White v. Cole, 87 Texas, 500; Jackson v. Bradshaw, 24 Texas Civ. App., 30.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against Bat Zeno and his wife Mandy Zeno and W. W. Holland, Jr., seeking to recover upon four promissory notes and to foreclose a vendor's lien upon a tract of land. Bat Zeno was the maker of the notes and no judgment was sought against the other defendants, except for a foreclosure of the lien and for costs.

W. W. Holland, Jr., for himself and as attorney for his codefendants, filed an answer interposing certain defenses. Thereafter Bat Zeno and Mandy Zeno filed another answer signed by themselves individually, in which they repudiated the former answer filed in their behalf, and declared that they had not authorized Holland to file it for them. They also admitted in their answer last filed the material averments in the plaintiff's petition.

The case was submitted to the trial court without a jury and judgment rendered for the plaintiff against Bat Zeno for the debt, and

against all of the defendants foreclosing the lien upon the land, and the defendant Holland only has appealed.

The trial judge filed findings of fact, those material to Holland's branch of the case being as follows:

"7.   I find that on the 30th day of October, 1907, Bat Zeno and Mandy Zeno executed and delivered to defendant W. W. Holland, Jr., an instrument of writing, duly acknowledged, purporting to be an absolute deed in fee to said land with general warranty, for the recited consideration of $1,000; that at the time of the execution of said instrument said Holland had full knowledge of the fact that the renewed notes sued upon had been theretofore executed by Bat Zeno and delivered to plaintiff's agent, and had full knowledge of the amount and nature of plaintiff's claim now sued upon, and that she was asserting a vendor's lien against said land.

"8.   I find that the real consideration for said purported deed from the Zenoes to Holland was an agreement and understanding on the part of said Holland to pay off and satisfy the claim of plaintiff, evidenced by the renewal notes sued upon; that said Holland never paid said $1,000 nor any part thereof as a consideration for said land, and that said Holland agreed with said Zenoes, before and at the time of the execution of said conveyance, to reconvey said land to said Bat Zeno, upon the payment to him by the Zenoes of the amount agreed to be paid by him in satisfaction of plaintiff's claim, with interest and a reasonable fee for his service.

"9.   I find that said Holland failed and refused to pay said renewed notes or any part thereof.

"10.   I find that Bat Zeno and Mandy Zeno are illiterate negroes, being unable to read and write and unfamiliar with business methods; that they signed by their mark an instrument, purporting to be an agreement between them and W. W. Holland, Jr., dated October 30, 1907; that they did not understand that said agreement authorized said Holland to plead for them the statute of limitation in an effort to defeat a recovery by plaintiff in this suit, and that they did not so authorize him. That they understood said agreement to mean and expected said W. W. Holland, Jr., to pay off and discharge the renewed notes sued upon, and hold the land under their said conveyance to him as security for such advancement.

"11.   I find that the answer of Bat Zeno and Mandy Zeno, signed by their marks, repudiating the plea of limitation filed for them by said W. W. Holland, Jr., was fully understood by them and was their voluntary act and correctly stated their wishes in the matter."

These findings fully support the judgment of foreclosure against Holland. They show that his title to the land was held in trust for the Zenoes, and upon an agreement by him to pay the notes sued on himself. While it may be that if they had not filed their last answer, and had permitted Holland to control their case, the Zenoes might have urged the plea of limitation and homestead rights set up in their original answer, as to which, however, we make no ruling. But they had the right to take the case out of Holland's hands and to waive the defenses referred to, which they have done, and, Holland having no substantial interest in the property, and being merely a trustee for

the Zenoes, can not urge those defenses. (Hawley v. Whitaker, 33 S. W., 688.)

The third and last assignment complains because the court rendered judgment against Holland for costs, the contention being that as he was merely a trustee for his codefendants, he should not have been held liable for the costs. The record indicates that Holland, notwithstanding the virtual confession of judgment by his co-defendants, persisted in controverting the plaintiff's right to recover even a judgment of foreclosure as against him, and for that reason we think the court properly held him liable for costs.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.